NO. 07-05-0142-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 10, 2006
_____

TERRY L. MATTHEWS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2004-487,343; HON. LARRY B. "RUSTY" LADD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Terry L. Matthews, contends that his conviction for driving while intoxicated should be reversed due to the erroneous admission of an extraneous offense during his trial. The evidence appeared on a video memorializing the arrest. It consisted of appellant telling the arresting officer: "I went through this in New Mexico a while back, I should have learned my lesson." According to appellant, the statement was evidence of

an extraneous offense and inadmissible under both Texas Rules of Evidence 403 and 404(b). We overrule the issue and affirm the judgment.

Viewed in context, the statement can reasonably be interpreted as an admission or confession of guilt by appellant. Simply put, appellant was voluntarily and spontaneously informing the officer that he was driving while intoxicated while also explaining how he knew that to be true. So, concluding that the comment was not admitted simply to prove character conformity fell within the zone of reasonable disagreement, and the trial court did not abuse its discretion in overruling appellant's 404(b) objection.

Nor can we say that the decision to overrule the objection founded upon Rule 403 illustrated an instance of abused discretion. One's confession of guilt is relevant and highly probative. Moreover, it tends to diminish the likelihood that the factfinder will determine guilt or innocence on matters unrelated to actual guilt, such as bias, confusion, and the like. Indeed, the jury can act on the accused's own words. In short, we cannot say the trial court erred in refusing to hold that irrespective of whatever prejudice or other evil which may have accompanied the admission, it did not substantially outweigh the probative value inherent in appellant's own comment regarding his own intoxication.

Accordingly, we affirm the judgment of the trial court.


Per Curiam


Do not publish.

2